IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GILBERT MARTINEZ, :
    Plaintiff, :
     :
v. : CIVIL ACTION NO. 19-CV-4087
     :
TAX CLAIMS BUREAU, *et al.*, :
    Defendants. :

**MEMORANDUM**

**SCHMEHL, J. /s/ JLS**                                                        **SEPTEMBER 17, 2019**

      This matter comes before the Court by way of a Complaint, lodged by Plaintiff Gilbert M. Martinez, proceeding *pro se*. Also before the Court are Martinez's Motion to Proceed *In Forma Pauperis* and his *ex parte* Motion for an Order to Show Cause. Because it appears that Martinez is unable to afford to pay the filing fee, the Court will grant him leave to proceed *in forma pauperis*. For the following reasons, the Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I.    FACTS[1]**

      Martinez is the owner of real property located at 1706 Cotton Street in Reading, Pennsylvania. (ECF No. 1 at 28, 36.)[2] Martinez alleges that on August 20, 2019, he received a Notice of Public Tax Sale from the Berks County Tax Claim Bureau informing him that his property is going to be "sold on September 20, 2019 without [his] consent for delinquent taxes." (ECF No. 1 at 8, 36.) Martinez lodged the Complaint in this action on September 6, 2019

---

[1] The facts set forth in this Memorandum are taken from the Complaint Martinez lodged with the Court (ECF No. 1), and all the documents and exhibits attached thereto.

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

seeking, among other relief, an injunction permanently staying the upcoming tax sale.[3] (ECF No. 1 at 18.) In the Complaint, Martinez named the following individuals and entities as Defendants in this case: (1) Tax Claims Bureau (hereinafter, "the Bureau");[4] (2) Director Stacy Phile,[5] in her individual and official capacity; (2) Treasurer Dennis Adams, in his individual and official capacity; (3) the Berks County Assessment Office; and (4) the Berks County Department of Human Services. Martinez purports to bring this action pursuant to the following: (1) Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e; (2) 42 U.S.C. §§ 1981, 1983; (3) Article VIII, Section 2(b)(ii) of the Pennsylvania Constitution; (4) 72 Pa. Cons. Stat. § 7304; (5) 72 Pa. Cons. Stat § 4751-102; (6) 18 U.S.C. §§ 241, 242; (7) the Sixth, Seventh, Eighth, Ninth, and Fourteenth Amendments to the Constitution; (8) the Local Taxpayers' Bill of Rights, 53 Pa. Cons. Stat. §§ 8430, 8431, 8434; and (9) the Public Welfare Code Omnibus Amendments Act of June 30, 2012, P.L. 668, No. 80, §§ 403.2, 432.3, 442.1. (ECF No. 1 at 1.)

As the Complaint makes clear, the Notice of Public Tax Sale Martinez received on August 20, 2019 was not the first instance where the parties crossed paths with respect to delinquent property taxes owed by Martinez. Martinez alleges that several years ago he encountered a number of financial difficulties all of which were caused by "governmental wrongdoings" and "governmental actions defrauding" him, thus leaving him without "SSI

---

[3] Martinez repeatedly refers to the Public Tax Sale as the "auction." For purposes of this Memorandum, the Court adopts the language used in the Notice sent by the Berks County Tax Claim Bureau attached to the Complaint.

[4] It appears from additional documents attached to the Complaint that the proper name for this Defendant is the Berks County Tax Claim Bureau.

[5] For the sake of clarity, the Court notes that Phile is the Director of the Berks County Tax Claim Bureau.

benefits, Welfare benefits and suppressing [his] employment rights[.]" (ECF No. 1 at 2, 27-29.) Martinez asserts that as a result of governmental action and fraud regarding his benefits and ability to work, he is "poverty stricken and unable to pay [his] property taxes[.]" (ECF No. 1 at 27.) After falling behind on his property taxes, Martinez alleges that in approximately November of 2015 he contacted the Bureau seeking a tax exemption for individuals who are disabled or impoverished. (ECF No. 1 at 2.) According to Martinez, Defendant Director Stacy Phile informed him that no such exemption existed and the only exemption available was for senior citizens. (ECF No. 1 at 2-3.) Martinez contends that Phile "was being deceptive in her dealings" with him, that she mispresented the tax laws and "forced [him] into the hardship program" for payment of the taxes, and that she deprived him of the tax exemption he alleges is set forth in Article VIII, § 2(b)(ii) of the Pennsylvania Constitution.[6] (ECF No. 1 at 3.)

It appears that after this encounter in 2015, Martinez's inability to pay his property taxes continued which ultimately caused the Bureau to send Martinez an initial notice, on or about March 23, 2018, informing him that a failure to pay the claim or take legal action to challenge

---

[6] Article VII, § 2(b)(ii) provides in pertinent part:

> The General Assembly may, by law: … [e]stablish as a class or classes of subjects of taxation the property or privileges of persons who, because of age, disability, infirmity or poverty are determined to be in need of tax exemption or of special tax provisions, and for any such class or classes, uniform standards and qualifications. The Commonwealth, or any other taxing authority, may adopt or employ such class or classes and standards and qualifications, and except as herein provided may impose taxes, grant exemptions, or make special tax provisions in accordance therewith. No exemption or special provision shall be made under this clause with respect to taxes upon the sale or use of personal property, *and no exemption from any tax upon real property shall be granted by the General Assembly under this clause* unless the General Assembly shall provide for the reimbursement of local taxing authorities by or through the Commonwealth for revenue losses occasioned by such exemption.

Pa. Const. art. VII, §2(b)(ii) (emphasis added).

3

the delinquent taxes would result in the property being sold without his consent. (ECF No. 1 at 5.) Upon receipt of this March 23, 2018 notice, Martinez filed an application with the Bureau requesting a tax refund, a tax exemption, and tax forgiveness for fiscal years 2015, 2016, 2017, and 2018. (ECF No. 1 at 4.) Martinez alleges that Defendant Treasurer Dennis Adams denied this application on or about March 28, 2018 "without setting forth any law to support his … decision." (ECF No. 1 at 4.) Soon after this denial, Martinez learned that Defendant Berks County Assessment Office, and not the Treasurer or the Bureau, is the "proper tax agency to render a decision for tax exemption," (ECF No. 1 at 30), prompting Martinez to submit an application for a tax exemption with that Office on or about April 6, 2018 via email.[7] (ECF No. 1 at 6, 30-31.) Martinez asserts, however, that representatives of the Berks County Assessment Office lied to him when he called to inquire about his application, stating it had not been received. (ECF No. 1 at 6, 30.) At that time, Martinez learned that his application required payment of a $100 fee which he claims the Berks County Assessment Office refused to waive despite his economic hardship and refused to write a denial letter setting forth the reasons for rejecting his application. (ECF No. 1 at 6, 30.)

Several months later, on or about August 21, 2018, Martinez filed a civil action in the Court of Common Pleas of Berks County, Pennsylvania, (hereinafter, "the Common Pleas Action"), seeking a tax refund, a declaration of his tax exemption, and a stay of the initially noticed public tax sale. (ECF No. 1 at 6.) The Common Pleas Action, *Martinez v. Tax Claims Bureau, et al.*, (Docket No. 18-3619), was assigned to the Honorable Jeffrey K. Sprecher. (ECF

---

[7] The Court notes that a document entitled "Application for the Exemption of Real Estate" is available through the website of the Berks County Assessment Office. *See* http://www.co.berks.pa.us/Dept/Assessment/Documents/exemption_application.pdf. The Application, makes clear on its face that it cannot be returned for consideration via either e-mail or fax.

4

No. 1 at 7.) At the time he submitted the Complaint in the present matter, Martinez attached as an Exhibit an Opinion entered by Judge Sprecher in the Common Pleas Action dated February 5, 2019. (ECF No. 1 at 39-47.) Judge Sprecher's Opinion denied Martinez's appeal of two prior Orders by the Judge dated November 1, 2018, which denied Martinez's motion for recusal by the Judge and sustained Defendant's preliminary objections, respectively. (ECF No. 1 at 39.) In addition to the Opinion and Orders by Judge Sprecher, Martinez also attached to his Complaint in present matter, a copy of a *per curiam* Memorandum Opinion and Order filed by the Commonwealth Court of Pennsylvania on August 13, 2019, affirming Judge Sprecher's findings on appeal. (ECF No. 1 at 48-63.) The Common Pleas Action named the following Defendants: (1) the Tax Claims Bureau; (2) Director Stacy Phile; (3) Treasurer Dennis Adams; and (4) the Berks County Assessment Office. (ECF No. 1 at 39, 48.)

In light of the Commonwealth Court's August 13, 2019 Memorandum Opinion and Order which found against Martinez on all claims, it appears that the Bureau sent Martinez an updated Notice of Public Tax Sale setting the upcoming September 20, 2019 deadline for the sale of Martinez's property for delinquent taxes.[8] (ECF No. 1 at 8, 36.) Martinez subsequently filed the Complaint in this matter seeking to prevent the forthcoming public tax sale of his property. He also filed an *ex parte* Motion for an Order to Show Cause.[9]

In addition to the facts relating to Martinez's taxes and the public tax sale of his property, Martinez also seeks to bring a claim against the Berks County Department of Human Services

---

[8] Martinez acknowledges receiving this Notice. (ECF No. 1 at 8.)

[9] The document filed as an *ex parte* Motion for an Order to Show Cause entered at ECF No. 4 is duplicative of pages 19-34 of the Complaint filed as ECF No. 1. For ease of reference, the Court cites to the pages of these documents solely with reference to the Complaint lodged at ECF No. 1.

5

(more properly identified as the Berks County Assistance Office) pursuant to 42 U.S.C. § 1983 for violating his right to due process with respect to the alleged termination of his cash assistance benefits.[10] (ECF No. 1 at 14-15.) Martinez specifically refers to a letter he received on July 3, 2019 informing him that his cash assistance benefits would be terminated due to a recent change in state law. (ECF No. 1 at 14.) This appears to be the only basis for his claims against the Berks County Department of Human Services.

## II. STANDARD OF REVIEW

The Court will grant Martinez leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if, among other things, it is frivolous, malicious, or fails to state a claim. A complaint is subject to dismissal under § 1915(e)(2)(B)(i) as frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). A claim is malicious when it is duplicative or repetitious of prior litigation by the same plaintiff. *Lockhart v. Oakland Police Dep't*, Civ. A. No. 10-5483, 2010 WL 5387500, at *1 (N.D. Cal. Dec. 22, 2010) ("Duplicative or repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. 1915 as malicious.") (citing *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988)); *McWilliams v. State of Colo.*, 121 F.3d 573, 574 (10th Cir. 1997) (same); *Abdul-Akbar v. Dep't of Corr.*, 910 F. Supp. 986, 999 (D. Del. 1995) ("a district court may dismiss a complaint as

---

[10] It appears that the Pennsylvania Department of Human Services maintains at least one County Assistance Office in each of Pennsylvania's 67 counties. Thus, the proper Defendant Martinez was attempting to name was more likely the Berks County Assistance Office, rather than the Berks County Department of Human Services.

malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims").

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations and generalized statements do not suffice to state a claim. *See id.* The Court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006); *cf. Ball v. Famiglio*, 726 F.3d 448, 459 (3d Cir. 2013), *abrogated on other grounds by*, *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015). Because Martinez is proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att' y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III. DISCUSSION

#### A. Res Judicata

Nearly all the claims asserted by Martinez in his Complaint are barred by the doctrine of *res judicata* or claim preclusion and, accordingly, are legally frivolous or malicious. "*Res judicata* bars a party from initiating a subsequent suit against the same adversary based on the same cause of action as a prior suit." *Marmon Coal Co. v. Dir., Office of Workers' Comp. Programs*, 726 F.3d 387, 394 (3d Cir. 2013) (citing *Duhaney v. Att'y Gen.*, 621 F.3d 340, 347 (3d Cir.2010)). "The purpose of *res judicata* is to 'relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions,

7

encourage reliance on adjudication.'" *Marmon Coal*, 726 F.3d at 394 (citing *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). In order to determine the applicability of *res judicata* in this particular case where Martinez has previously filed suit against Defendants in the Common Pleas Action, the Court "must give the same preclusive effect to the judgment in the common pleas court case that the courts in Pennsylvania, the state in which the judgment was entered, would give." *Turner v. Crawford Square Apartments III, L.P.*, 449 F.3d 542, 548 (3d Cir. 2016).

> As recognized by the Supreme Court of Pennsylvania, the doctrine of *res judicata*:
>
>> bars a later action on all or part of the claim which was the subject of the first action. Any final, valid judgment on the merits by a court of competent jurisdiction precludes any future suit between the parties or their privies on the same cause of action. *Res judicata* applies not only to claims actually litigated, but also to claims which could have been litigated during the first proceeding if they were part of the same cause of action.

*Turner*, 449 F.3d at 548 (citing *Balent v. City of Wilkes–Barre*, 542 Pa. 555, 669 A.2d 309, 313 (1995)) (citation omitted) (emphasis omitted). Under Pennsylvania law, *res judicata* applies when the prior action and the subsequent action share the following four factors in common: "(1) the thing sued upon or for; (2) the cause of action; (3) the persons and parties to the action; and (4) the capacity of the parties to sue or be sued." *Turner*, 449 F.3d at 548 (citing *Bearoff v. Bearoff Bros., Inc.*, 458 Pa. 494, 327 A.2d 72, 74 (1974)).

A comparison of the present case and the Common Pleas Action makes clear that the four factors set forth by the Supreme Court of Pennsylvania are satisfied here, and that nearly all of Martinez's claims[11] are barred by *res judicata*. With respect to the first factor, in both actions

---

[11] Martinez's purported §1983 claim relating to the termination of his cash assistance benefits does not appear to be barred by the doctrine of *res judicata*, but that claim will also be dismissed because it fails to state a claim against the Berks County Department of Human Services, or the Berks County Assistance Office, as set forth *infra*.

8

the thing Martinez is suing for is the same: he seeks to prevent the public tax sale of his property by compelling Defendants to grant him a tax exemption based on either his assertion that he is disabled or impoverished (or both) – an exemption, he asserts, which would then entitle him to a tax refund and tax forgiveness for 2015, 2016, 2017, and 2018.

As to the second factor, the present matter shares the same causes of action as the previously-adjudicated claims brought in state court. Specifically, in both this case and the Common Pleas Action, Martinez attempted to bring his claims under (1) Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e; (2) 42 U.S.C. §§ 1981, 1983; (3) Article VIII, Section 2(b)(ii) of the Pennsylvania Constitution; (4) 18 U.S.C. §§ 241, 242; (5) the Sixth, Seventh, Eighth, Ninth, and Fourteenth Amendments to the Constitution; and (6) the Local Taxpayers' Bill of Rights, 53 Pa. Cons. Stat. §§ 8430, 8431, 8434.[12] The legal sufficiency of each of these causes of actions was thoroughly considered as a basis for relief by the Berks County Court of Common Pleas and by the Commonwealth Court on appeal. The Berks County Court of Common Pleas concluded that Martinez's causes of action were meritless or legally insufficient and ultimately dismissed the Common Pleas Action with prejudice. The Commonwealth Court affirmed this ruling on appeal.

---

[12] To the extent Martinez also relies on (1) 72 Pa. Cons. Stat. § 7304 or (2) 72 Pa. Cons. Stat § 4751-102 as a legal basis for his claims in the present action, this attempt does not prevent the claims from being barred under the doctrine of *res judicata*. *Cruickshank-Wallace v. CNA Fin. Corp.*, No. 18-3635, 2019 WL 1769080, at *3 (3d Cir. Apr. 22, 2019) (observing that "a mere change in the legal theory under which [a party] now pursue[s] [his] claims will not prevent the application of the doctrine of *res judicata*.") (citing *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 277 (3d Cir. 2014) (noting that we take a "broad view" when considering what constitutes the same cause of action, and whether *res judicata* applies turns on the "essential similarity" of the underlying events giving rise to the legal claims).

Nearly all of Martinez's current claims in the instant suit are derived from the same set of underlying facts as the claims he asserted in the Common Pleas Action in 2018.[13]

Courts in Pennsylvania have explained that when it comes to the "identity of cause[s] of action, … *res judicata* generally is thought to turn on the essential similarity of the underlying events giving rise to the various legal claims." *McArdle v. Tronetti*, 426 Pa. Super. 607, 627 A.2d 1219, 1222 (Pa. Super. Ct. 1993); *see also Turner*, 449 F.3d at 549. Specifically, when making the determination of whether the causes of action presented are the same between a prior and a subsequent action, the Court may properly consider "the identity of the acts complained of, the demand for recovery, [and] the identity of witnesses, documents, and facts alleged." *McArdle*, 627 A.2d at 1222. The Court has thoroughly reviewed the Complaint lodged in the instant case and cannot avoid the clear and obvious circumstances before it: Martinez's current Complaint tracks, in some instances word-for-word, the acts of complained of and addressed in the Common Pleas Action. Additionally, Martinez's demand for recovery is virtually identical in both this case and the Common Pleas Action as detailed by Judge Sprecher and the Commonwealth Court in their comprehensive opinions. It is also clear to the Court that the identity of the witnesses and documents in this action would be the same as those in the Common Pleas Action. Accordingly, this second factor is also satisfied.

The third factor similarly requires the Court to consider the persons or parties to the action. With the exception of Defendant Berks County Department of Human Services, which is addressed below, Martinez names the exact same parties as Defendants in this case as he did in the Common Pleas Action and thus the third factor is also fulfilled. Finally, under the fourth

---

[13] To the extent Martinez complains of the parties' litigation conduct that too was addressed in the Common Pleas Action.

factor, the Court must examine the capacity of the parties to sue or be sued. There being no obvious bar to prevent suit against the Bureau, Phile, Adams, or the Berks County Assessment Office, this factor is also meet. Accordingly, all four factors make the doctrine of *res judicata* applicable in this case. Because of the *res judicata* bar, all of the claims Martinez asserts in this lawsuit against the Bureau, Phile, Adams, or the Berks County Assessment Office are legally frivolous and malicious and must be dismissed with prejudice pursuant to § 1915(e)(2)(B)(i).[14]

### B. Failure to State a Claim

To the extent Martinez seeks to now assert a claim against the Berks County Department of Human Services, (more properly identified as the Berks County Assistance Office) pursuant to 42 U.S.C. § 1983 for violating his right to due process with respect to the alleged termination of his cash assistance benefits, the Complaint fails to state a claim upon which relief may be granted. The Court takes judicial notice that the Pennsylvania legislature recently amended 62 Pa. Con. Stat. § 403.2(a) to provide in pertinent part that Pennsylvania's "general assistance cash assistance program shall cease August 1, 2019." Currently, the Pennsylvania Department of Human Services website contains a notice informing the public of the recent amendment to the statute, and further informing that current "General Assistance recipients were notified of this change via mail." *See* Pennsylvania Department of Human Services, General Assistance,

---

[14] At times, Martinez suggests that his rights were violated by decisions issued in the Common Pleas Action. Pursuant to the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction over suits that are essentially appeals from state-court judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010). Based on that principle, the *Rooker-Feldman* doctrine deprives a federal district court of jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 166 (quotations omitted). Accordingly, to the extent Martinez is seeking relief for harm allegedly caused by judgments issued in the Common Pleas Action, the Court lacks jurisdiction to review his claims.

available at http://www.dhs.pa.gov/citizens/cashassistance/generalassistance/index.htm (last visited Sept. 13, 2019). This is consistent with the facts Martinez alleges in the Complaint that he received a letter on July 3, 2019 informing him of the termination of his cash assistance benefits in light of the recent change in the law. Here, the termination of Martinez's cash assistance was implemented by virtue of a legislative amendment with notice to those recipients impacted by the change. Accordingly, the Court discerns no action on the part of the named Defendant – the Berks County Department of Human Services – that resulted in the termination. Even construing the allegations of the Complaint liberally, Martinez fails to state any plausible basis for a claim under § 1983 against this Defendant.

## III. CONCLUSION

For the foregoing reasons, the Court will grant Martinez leave to proceed *in forma pauperis* and dismiss his Complaint. All claims are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous, malicious, or for failure to state a claim because the Court concludes that amendment would be futile. In light of the dismissal of the Complaint with prejudice, the Court will also deny the *ex parte* Motion for an Order to Show Cause. An appropriate Order follows.

**BY THE COURT:**

**/s/ Jeffrey L. Schmehl**
**JEFFREY L. SCHMEHL, J.**